**Opinion issued July 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00310-CR

———————————

## IN RE JAIME LUEVANO, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Pro se relator Jaime Luevano filed a petition for writ of mandamus compelling resentencing and appointing counsel. Although relator fails to identify a respondent, the petition indicates that it arises from a case outside of this court of appeals district. We do not have mandamus jurisdiction against a judge outside of our district unless necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. §§ 22.221(a) (West 2004) (court of appeals "may issue a writ of mandamus

and all other writs necessary to enforce the jurisdiction of the court"); 22.221(b)(1) (court of appeals may issue a writ of mandamus against a "judge of a district or county court in the court of appeals district"); *see also In re Seay*, No. 01-13-00854-CR, 2014 WL 866143, at \*1 (Tex. App.—Houston [1st Dist.] March 4, 2014, no pet.) ("By statute, we have the authority only to issue a writ of mandamus against a district court judge or county court judge in this Court's district, and we may issue all writs as necessary to enforce this Court's appellate jurisdiction."). Relator has not demonstrated, and we do not conclude, that the requested relief is necessary to enforce our jurisdiction. Therefore, relator's request does not fall within our mandamus jurisdiction.

Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).